

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4208
Re: Texas Inheritance Tax Law applied to the Estate of William Gilbert Bivins.

We are in receipt of your letter of November 6, 1941, in which you request the opinion of this department as to the application of the Texas Inheritance Tax Law to the Estate of William Gilbert Bivins, deceased.

The facts in the case you present may be briefly stated as follows:

During her life Mary Elizabeth Bivins executed an irrevocable trust granting certain real properties to Julian L. Bivins, her son, as trustee. Said trust was to last twenty years during which time the trustee was to manage the same. William Gilbert Bivins, a son of the trustee, was given a 1/3d undivided interest in the trust property and he was to receive the income from all of the trust property. At the expiration of the trust the property was to pass to the said William Gilbert Bivins. The trust agreement further provided as follows:

"13. In the event of the death of William Gilbert Bivins prior to the time he shall have attained his majority, leaving no surviving widow, child or children, or, if having attained his majority, he shall die intestate and without leaving a widow, child or children, then the trust properties covered by this agreement shall pass to and vest one-half in Oliver Allsen Bivins and one-half in Mary Miles Bivins, brother and sister of William Gilbert Bivins, and their lawful heirs, if they shall predecease the said William Gilbert Bivins in death, subject to the continued administration of this trust for the

Honorable George H. Sheppard, Page 2

full term specified herein, but should the said William Gilbert Bivins die intestate and leave a widow or child or children, then said trust properties shall vest in his lawful heirs according to the law of descent and distribution in Texas, subject to the continued administration of this trust for the full term specified herein; should the said William Gilbert Bivins, after attaining his majority, execute his last will and testament, (and the said William Gilbert Bivins shall after attaining his majority, have full right, power and authority to dispose of the trust properties by will, subject to the continued administration of the trust estate for the term herein specified) devising the trust properties herein referred to, and thereafter die prior to the expiration of this trust, then all such trust properties held by the Trustee under this agreement shall vest in such devisees and beneficiaries, subject to the continued administration of this trust for the full term specified herein. . . ."

The said William Gilbert Bivins died on May 23, 1940, after having obtained the age of twenty-one years, leaving a will which provides in part as follows:

". . . . .

"SECOND: I give, devise and bequeath unto my brother, OLIVER WILSON BIVINS and my sister, MARY MILES BIVINS, share and share alike, all of my property of every kind and character, real, personal or otherwise and wherever situated, of which I may die seized and possessed, to be their own property, devising the same to them without any constraint or suggestion, to be held, managed, retained, sold, disposed of, or otherwise used as their own good judgment may dictate.

". . . . ."

The problem of assessing the Texas inheritance tax to a case as presented here has never been passed on by the courts of this State. Here the grantor gave to the decedent the power of appointment over certain trust properties. If

Honorable George H. Sheppard, Page 3

the decedent failed to exercise said power then under the original trust agreement the property was to pass to Oliver Wilson Bivins and Mary Miles Bivins. However, the decedent left a will in which he devised all of his property of every kind whatsoever to the same individuals, Oliver Wilson Bivins and Mary Miles Bivins.

Article 7117 of the Revised Civil Statutes reads in part as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, . . . which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, . . . shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification . . ."

Of course if the above quoted provision of the will of the decedent is construed so as to not be an exercise of the power of appointment granted him by the donor but to include only the said decedent's other property, then the property in trust passes to the said Oliver Wilson Bivins and Mary Miles Bivins under the terms of the irrevocable trust and no tax would be due on the death of the decedent. Many facts as to the testator's intent would have to be taken into consideration to determine whether or not he intended that his will should be an exercise of the power of appointment granted him.

However, assume that the said decedent did exercise said power of appointment in his will and that he appointed Oliver Wilson Bivins and Mary Miles Bivins, the same individuals who would have received the property had he failed to exercise the power. The question then is would the Texas inheritance tax, Article 7117, supra, which taxes property passing upon the exercise of a power of appointment by will apply under the circumstances of this case?

Honorable George H. Sheppard, Page 4

We believe that the answer to this question is controlled by the case of Arnold v. Southern Pine Lumber Co., 139 S. W. 917. In that case property was deeded to a husband in trust for his wife for life and she was granted the power of appointment either by deed or will. In the event she did not exercise said power the property was to pass to her children. She left a will in which she left all of her property to her children. It was contended that by said will the decedent had exercised the power of appointment and that the children took the property from her subject to the debts of her estate. The court overruled this contention and stated as follows:

"W. W. Wallace was given no property interest in the land, but was merely the depositary of the naked legal title, holding it in trust for the real owners of the beneficial interest.

"(5) For whom, then, was he holding that which remained after the termination of the life estate of his wife? Evidently for the children, or whomsoever she might appoint. Those who might take by the appointment were not then susceptible of ascertainment, nor could they be till the power was executed. The right which was to come into existence upon the appointment being made was, therefore, so contingent and uncertain that it did not attain to the dignity of an estate. Hence the only beneficial interest conveyed by the deed beyond the life estate of Mrs. Wallace was that conferred upon the children. They then had a present right of future enjoyment, subject to be defeated by the execution of the power by Mrs. Wallace. The contingency which confronted them was one which might defeat an existing right, not one upon which its origin would depend. Under the authorities referred to upon the former appeal this contingency did not prevent the remainder from becoming a vested one. See Arnold v. So. Pine Lbr. Co., 123 S. W. 1162, and cases there cited.

"If the children of Mrs. Wallace took a vested remainder under the deed from B. R. Wallace and wife, then upon her death without having appointed some other person to the estate they held

<u>by virtue of their original title</u>. Mrs. Wallace could not take anything from their interest acquired under the deed, except by appointing some other person to the estate.

"The interest which one has in an estate is measured by the older and better title." (Underscoring ours)

Applying the holding of the court to the facts in our case Oliver Wilson Bivins and Mary Miles Bivins originally were given a vested remainder in the property subject to being defeated by the decedent having passed the property to a third party by the exercise of the power of appointment. This he did not do. Therefore the property in this case passed under the terms of the trust agreement. The question arises, however, whether or not the same is taxable under the wording of our tax statute, supra, due to the fact that the power of appointment was exercised, as we assumed, and the property passed to Oliver Wilson Bivins and Mary Miles Bivins because the decedent did <u>not</u> appoint a third party. This point was passed on by the Third Circuit Court of Appeals in the case of Wear v. Commissioner of Internal Revenue, 65 Fed. (2d) 665. The Federal Act also taxes "property passing under a general power of appointment exercised by the decedent by will . . ." The court stated as follows:

"That question is predicated on the law of Pennsylvania that, 'If the donee of the power exercise it in such a manner that the property passes exactly as it would have passed if the power had not been exercised, the property will be treated as passing under the will of the donor.' . . .

"The real question, as we venture to put it, is whether the exercise of a general power of appointment is a lawful subject of federal taxation, to be measured by the value of property which under state law passes, as in this case, not from the decedent donee of the power but from the donor.

". . .

"The subject of the tax in this case is the exercise of a general power of appointment. The

tax is not on the property of the power but is on the exercise of the power itself. , ,

"...

"And, further, the Congress has, in some situations, power to tax transmission of property effected by death even though by the law of the decedent's domicile such property is not part of his estate. Fidelity-Philadelphia Trust Co. v. McCaughn (C.C.A.) 34 F, (2d) 600, 602.

"...

"We have not been convinced that on the death of the donee nothing happened in respect to the property of the power and in respect to the daughters' right to the property by the exercise of the power. Before its exercise the daughters of the decedent, the twice named recipients, had under Pennsylvania law an estate in the property of the power. But it was a defeasible estate, not unlike the interest of a beneficiary in a policy of life insurance where the insured has reserved, yet has not exercised, the right to change the beneficiary. Their estate was liable to be wholly taken away from them by the exercise of the power in favor of others. So long as the donee lived and retained control over the disposition of the property the daughters ran that risk, which was akin to the risk of a change of beneficiaries in a policy of insurance. Not until the donee died did that risk disappear. Until then he stood in their way. Therefore it was upon his death without exercising the power adverse to them that the estate of the daughters became indefeasible. . . And such a tax, we hold, the federal government, under its sovereign power to levy taxes, may lawfully impose upon the exercise of a power effecting such a change, . . .."

Under the reasoning of the above case, the Texas inheritance tax would be due under the facts you present.

However, the point was again passed on.  The second Circuit Court of Appeals in the case of Grinnell v. Commissioner of Internal Revenue, 70 Fed. (2d) 705, held contra to the Wear case, supra,  The court held that as the property did not pass upon the exercise of the power of appointment but rather passed under the will of the original donor the same was not taxable as "property passing under a general power of appointment exercised by the decedent by will." (Underscoring ours)

Because of the conflict in the two above mentioned Federal cases the Supreme Court of the United States granted a writ of certiorari.  See Helvering v. Grinnell, 294 U. S. 153, 79 L. Ed. 825.  The court stated as follows:

"The crucial words are 'property passing under a general power of appointment exercised by the decedent by will.'  Analysis of this clause discloses three distinct requisites--(1) the existence of a general power of appointment; (2) an exercise of that power by the decedent by will; and (3) the passing of the property in virtue of such exercise.  Clearly, the general power existed and was exercised; and this is not disputed. But it is equally clear that no property passed under the power or as a result of its exercise since that result was definitely rejected by the beneficiaries. . .

"We granted the writ of certiorari in this case because of an alleged conflict with Wear v. Commissioner of Internal Revenue (C.C.A. 3d) 65 F. (2d) 665, and Lee v. Commissioner of Internal Revenue, 61 App. D. C. 33, 57 F. (2d) 399.  The reasoning and conclusions of those courts and of the court below cannot be reconciled.  We are of the opinion that, to the extent of the conflict, the view of the former is wrong and that of the court below is right, and we hold accordingly."

Under the above holding of the Supreme Court of the United States and the other authorities cited herein, it is our opinion that the property passing to Oliver Wilson Bivins and Mary Miles Bivins passes under the trust agreement and is not subject to the Texas inheritance tax upon the death of the decedent, William Gilbert Bivins.

Honorable George H. Sheppard, Page 8

        We trust that the foregoing is sufficient to enlighten you in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 21, 1947

FIRST ASSISTANT
ATTORNEY GENERAL

By

Billy Goldberg
Assistant

BG:IM


APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN